AWL:awl

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20393-CR-COOKE(s)

UNITED STATES OF AMERICA,

vs.

CARLOS MONTOYA,

        Defendant.
_____/

**UNITED STATES' MOTION FOR DEETERMINATION OF
MONEY JUDGMENT AMOUNTS, FOR PRONOUNCEMENT OF FORFEITURE
MONEY JUDGMENTS AT SENTENCING, AND FOR INCORPORATION OF
FORFEITURE INTO THE JUDGMENT**

    The United States of America, by and through the undersigned Assistant United States Attorney, moves that this Court determine appropriate money judgment amounts for all counts of conviction, that the Court enter a Judgment of Forfeiture, that the Court pronounce forfeiture at sentencing in accordance with Fed.R.Crim.P. 32.2 and incorporate the forfeiture into the judgment. In support of its motion, the United States submits the following:

**Background**

    Defendant, Carlos Montoya ("Montoya"), was charged with, and convicted of: conspiracy to commit wire fraud in violation of 18 U.S.C. §1349 [Count 1]; and federal program fraud in violation of 18 U.S.C. §666 [Count 5]. (D.E. 56). The superseding indictment placed Montoya on notice that, upon Montoya's conviction for the wire fraud conspiracy or the federal program fraud, the United States would pursue forfeiture of "any property real or personal, which constitutes or is derived from proceeds traceable to such violation." (D.E. 56, p. 13).

Montoya was convicted at trial. There was no nexus determination required to be made by the jury as there were no specific properties identified for forfeiture. Fed.R.Crim.P. 32.2; (D.E. 147).

The forfeiture money judgment determinations must be made at the latest, by the conclusion of sentencing, currently scheduled for June 26, 2019. The United States moves that the Court make the appropriate forfeiture determinations, enter the appropriate forfeiture judgments, pronounce forfeiture as part of Montoya's sentence and incorporate the forfeiture into the judgment entered against Montoya.

### Argument

Because Montoya has been convicted of crimes for which forfeiture is mandatory, the Court, in accordance with Federal Rule of Criminal Procedure 32.2, must impose forfeiture and pronounce forfeiture as part of Montoya's sentence.

**I.     Forfeiture Is Mandatory**

Montoya, having been convicted of conspiracy to commit wire fraud and federal program fraud, faces *mandatory* forfeiture pursuant to the applicable statute, 18 U.S.C. § 981(a)(1)(C). The statute uses the word "shall." As the Supreme Court has noted, when a statute directs that a court "shall order" forfeiture in imposing sentence, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applie[s]." *United States v. Monsanto*, 491 U.S. 600, 607 (1989).

Forfeiture for crimes, for which no specific criminal forfeiture exists, such as wire fraud not affecting a financial institution, and federal program fraud not affecting the FDIC is mandatory by application of Title 28, United States Code, Section 2461(c) which provides in pertinent part:

2

> If the defendant is convicted of the offense giving rise to the forfeiture, the court *shall* order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code.

(Emphasis supplied); *United States v. Brummer*, 598 F.3d 1248 (11th Cir. 2010)(finding that district court was required to direct forfeiture under 28 U.S.C. § 2461(c)).  What is forfeitable when there is a wire fraud violation not affecting a financial institution and federal program fraud not affecting the FDIC,[1] is defined by Title 18, United States Code, Section 981(a)(1)(C) which provides for forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to...any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

The Eleventh Circuit has upheld the imposition of forfeiture money judgments in many fraud cases, *see e.g., United States v. Hernandez*, 803 F.3d 1341, 1342-43 (11th Cir. 2015)(district court erred when it failed to impose forfeiture money judgment for theft of government funds in addition to imposing restitution); *United States v. Noorani*, 188 Fed. Appx. 833, 838 (11th Cir. 2006)(rejecting argument that court lacked statutory authority to impose forfeiture money judgment for proceeds of cigarette trafficking offense) and *United States v. Crumpler*, 229 Fed. Appx. 832, 840 (11th Cir. 2007)(defendant must pay money judgment equal to value of stock options obtained in violation of the securities laws).

The Court must impose forfeiture, as part of Montoya's sentence, for conspiracy to commit wire fraud, and for federal program fraud.

**II.     Forfeiture Money Judgments Are Determined By The Court Pursuant To Statutory**

---

[1] Title 18, United States Code, Section 1343 is a racketeering activity identified in 18 U.S.C. § 1961(1)(B).  Since racketeering activities are included as specified unlawful activities in §1956(c)(7)(A), forfeiture is imposed through 18 U.S.C. §981(a)(1)(C).   Similarly, a violation of 18 U.S.C. §666 is found in 18 U.S.C. §1956(c)(7)(D), forfeiture is imposed through 18 U.S.C. §981(a)(1)(C).

**Language**

When the government seeks a forfeiture money judgment, "the court must determine the amount of money that the defendant will be ordered to pay." Fed.R.Crim.P. 32.2(b)(1)(A). The amount of the forfeiture money judgment need not be specified in the charging document. Fed.R.Crim.P. 32.2(a).

For purposes of calculating the money judgment for the conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, as well as the federal program fraud, the amount of proceeds must be determined. "[T]he term 'proceeds' is defined as … [i]n cases involving …unlawful activities…means property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." *United States v. Russo*, 2007 WL 505056 *4 (S.D.Ala. Feb. 14, 2007) citing 18 U.S.C. §981(a)(2)(A). The Eleventh Circuit has utilized the "but for" test in determining whether something constitutes proceeds. *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344 (11th Cir. 2009)(applying "but for" test: health care provider convicted of Medicare fraud is liable to forfeit funds received from Medicare and funds she received from private insurers because funds would not have been received "but for" the fraudulent billings); *United States v. Cekosky*, 171 Fed. Appx. 785, 787-88 (11th Cir. 2006)(because defendant would not have been able to open his bank account "but for" having committed an identity theft offense, the interest he earned on the deposits in that bank account represented the proceeds of the offense, even though the deposits themselves were made with legitimate funds). Defendant obtained proceeds from the conspiracy to commit wire fraud and the defendant received benefits for the amount "donated" to HFR in violation of Title 18, United States

4

Code, Section 666.   Those proceeds are therefore, forfeitable.

**III.     The Forfeiture Money Judgment Amounts Are Readily Determined**

For purposes of calculating the forfeiture money judgment for the wire fraud conspiracy (Count 1), Montoya's entire conspiratorial scheme must be reviewed.

Extensive evidence of the scheme was presented and the Court should conclude that the proceeds of the Count 1 conspiracy is at least $13 million.  *See* Docket Entry 224, pp. 10-13 (United States of America's Objection to the PSR, Response in Opposition to Defendant Montoya's Objections to the PSR and Sentencing Memorandum.

For purposes of calculating the proceeds attributable to the federal program fraud/bribery, the amount of proceeds paid by Montoya is readily determined:   Montoya paid $160,000.   The forfeiture money judgment for Count 5 should be $160,000.

The requested money judgments should be entered.

**IV.     The Requested Forfeitures Do Not Constitute An Excessive Fine**

The imposition of the requested forfeiture money judgments, does not constitute a violation of the Eighth Amendment's prohibition against excessive fines as the value of the money judgment amounts fall below the maximum statutory fines for the given offenses and are presumptively constitutional.

> If the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional ... [I]f the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive.

*United States v. One Parcel of Real Estate etc.*, 214 F.3d 1291, 1295 (11th Cir. 2000), *citing United States v. 817 N.E. 29th Drive, Wilton Manors, Florida*, 175 F.3d 1304, 1309-110 (11th Cir. 1999)(if the value of the property is less than the maximum statutory fine, a "strong presumption" arises

that the forfeiture is constitutional; if the value of the property is within or near the permissible range of fines under the Sentencing Guidelines, the forfeiture is almost certainly non-excessive; the personal characteristics of the owner, the character of his/her property, and the value of any remaining assets are irrelevant).

"The guidelines state that where a statute authorizes a maximum fine of greater than $25,000[sic], the maximum fine imposed by the guidelines does not apply and the statutory maximum applies instead." *United States v. One Parcel of Real Estate etc., 214 F.3d 1291, 1295 (11*th Cir. 2000), citations omitted.

The maximum statutory fine for Count 1 is $50,000,000. The maximum statutory fine for Count 5 is $320,000. Since the maximum fine range exceeds the $250,000 referenced in *United States v. One Parcel of Real Estate etc., 214 F.3d 1291, 1295 (*11th Cir. 2000) the Guideline range does not apply but the statutory range does. The forfeiture money judgment amounts sought for each of the counts of conviction, $13 million and $160,000, are well below the statutory fine range and are presumptively, not excessive.

A defendant bears the burden of demonstrating that the forfeiture is grossly disproportional to the gravity of the offense. *See United States v. DeGregory*, 480 F. Supp. 2d 1302, 1304 (S.D. Fla. 2006); *United States v. Wilk*, 2007 WL 2263942 (S.D. Fla. 2007). Montoya cannot meet his burden of proof to demonstrate that the requested forfeitures are disproportional to the gravity of his offenses. The requested forfeiture order, including the amounts specified, should be entered.

**V.     Forfeiture Must Be Pronounced At Sentencing And
        Incorporated Into The Judgment**

Federal Rule of Criminal Procedure 32.2 sets forth how forfeitures are handled as part of sentencing. "The court must include the forfeiture when orally announcing the sentence or must

6

otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." Fed.R.Crim.P. 32.2(b)(4)(B).

The proposed order submitted in this matter, comports with the requirements of Fed.R.Crim.P. 32.2 and the procedures set forth at 21 U.S.C. 853, made applicable by 28 U.S.C. § 2461 and by 18 U.S.C. § 982(b).

### Defendant's Position on Requested Relief

Undersigned counsel, in accordance with Local Rule 88.9, sent the instant motion and proposed order to counsel for defendant via electronic mail. The electronic mail was sent before sentencing on June 26, 2019. No agreement on this motion was reached.

### CONCLUSION

Accordingly, based upon the foregoing, it is prayed that the Court determine that the forfeiture money judgments in the requested amounts should be entered, that the Court pronounce

forfeiture as part of Montoya's sentence and incorporate the forfeiture, by reference, into the judgment entered against Montoya.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/Alison W. Lehr*
Alison W. Lehr
Assistant United States Attorney
Fla. Bar No.   444537
99 N.E. 4th Street
Miami, Florida 33132-2111
Tel:  (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, the undersigned electronically filed the foregoing United States' Motion for Determination of Money Judgment Amounts, for Entry of a Judgment of Forfeiture, for Pronouncement of Forfeiture at Sentencing, and for Incorporation of Forfeiture into the Judgment, with the Clerk of the Court, using CM/ECF.

By: *s/Alison W. Lehr*
Alison W. Lehr
Assistant United States Attorney